```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                               CRIMINAL ACTION NO. 2:02-00019-01

**WILLIAM LEE JONES, JR.**

## MEMORANDUM OPINION AND ORDER

Pending is defendant's motion to modify sentence, filed on March 31, 2008, pursuant to 18 U.S.C. § 3582(c)(2) and defendant's Citation of Supplemental Authorities, filed on August 20, 2008. The motion to modify sentence is based upon the November 1, 2007, amendment to U.S.S.G. § 2D1.1, which the United States Sentencing Commission made retroactive effective March 3, 2008.

Section 1B1.10(b) controls a defendant's eligibility for a reduction in sentence based upon a post-disposition guideline amendment. Section 1B1.10(b)(1) provides as follows:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine <u>the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced</u>. In making such determination, the court shall substitute <u>only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced</u> and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1) (emphasis supplied); U.S.S.G. § 1B1.10,

applic. note 1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range. . . . [A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: (i) none of the amendments listed in subsection (c) is applicable to the defendant . . . .").

The February 19, 2003, Judgment entered in this case by Judge Charles H. Haden, II, reveals defendant was sentenced, inter alia, to an imprisonment term of life on Count Two and a consecutive sixty-month term on Count Three. The defendant was named in all counts of a three-count superseding indictment. At trial, he was acquitted on Count One which charged conspiracy to distribute more than 50 grams of cocaine base and a quantity of cocaine. The defendant was convicted of possession with intent to distribute more than 50 grams of cocaine base and a quantity of cocaine and of possession of a firearm in connection with a drug trafficking offense, as charged in Counts Two and Three, respectively. The guideline calculation on Count Two was based on a Base Offense Level of 38 inasmuch as the defendant was found by the court to be assessable with 105,418.94 kilograms of marijuana equivalency based on the following: (1) 144.69 grams of cocaine which equates to 28.94 kilograms of marijuana equivalency; (2)

169.5 grams of cocaine base which equates to 3,390 kilograms of marijuana equivalency; and (3) 5.10 kilograms of cocaine base which equates to 102,000 kilograms of marijuana equivalency. The defendant was also assessed with a four-level enhancement for his role in the offense and a two-level enhancement for obstruction of justice. The defendant was denied credit for acceptance of responsibility. The defendant's Total Offense Level would have been 44 except that in cases where, as here, the total offense level is greater than 43, the total offense level is to be treated as level 43 and, when coupled with defendant's Criminal History category of III, the resulting guideline range was life.

Under the amended guideline at U.S.S.G. § 2D1.1(c)(1) the Base Offense Level for 30,000 kilograms or more of marijuana remains at 38. Application Note 10(D)(i) and (ii) provide in pertinent part as follows:

> <u>In General</u>.-Except as provided in subdivision (ii), if the offense involves cocaine base (crack") and one or more other controlled substance, determine the combined offense level as provided by subdivision (B)[1] of this note, and reduce the combined offense level by 2 levels.
>
> <u>Exceptions to 2-level Reduction</u>.-The 2-level reduction provided in subdivision (i) shall not apply in a case in which:
>
> (I) the offense involved 4.5 kg or more, or less than 250 mg, of cocaine base.

---

[1] Subdivision (B) directs that each controlled substance be converted to its marijuana equivalent.

Inasmuch as the offense involved 4.5 kilograms or more of cocaine base, the defendant is not entitled to the two-level reduction pursuant to U.S.S.G. § 2D1.1 Application Note 10(D)(ii)(I).  Thus, his guideline calculation remains the same and he is not entitled to relief under the retroactive amendment that modified that guideline section.  The court, accordingly, ORDERS that defendant's motion to modify sentence be, and it hereby is, denied.

It is ORDERED that the defendant's letter-motion received by the court on March 20, 2009, requesting appointment of counsel, be filed and it is further ORDERED that the request be denied as unnecessary.

It is ORDERED that the letter and accompanying certificates received by the court from the defendant on October 22, 2009, be, and they here by are, filed.

To the extent the defendant seeks further relief, pursuant, <u>inter</u> <u>alia</u>, to <u>Booker</u>, it is ORDERED that his request be, and it hereby is, denied.  See <u>United States v. Dunphy</u>, 551 F.3d 247 (4th Cir. 2009).

4

The Clerk is DIRECTED to send a copy of this written opinion and order to the defendant, the United States Attorney, the Federal Public Defender and the United States Probation Office.

ENTER: November 2, 2009

*[signature]*
John T. Copenhaver, Jr.
United States District Judge