```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION NO. 2:02-00019-01

**WILLIAM LEE JONES, JR.**


                    MEMORANDUM OPINION AND ORDER

        Pending before the court is the defendant's motion entitled "PETITION FOR MODIFICATION OF SENTENCE 18 U.S.C. § 3582(C)(2) AMENDMENT 782," filed by him <u>pro se</u> on June 4, 2015, wherein he contends that the court's denial of relief by order entered on November 2, 2009, which pertained to Amendment 706, was erroneous inasmuch as the court concluded that he was responsible for 4.5 kilograms of crack cocaine when, he says, he should have only been held responsible for 1.5 kilograms of crack cocaine. The defendant also contends that he was denied relief under Amendment 750. As explained below, he was granted a two-level reduction pursuant to Amendment 750. The defendant asserts that he is entitled to a further two-level reduction in his Base Offense Level pursuant to Amendment 782, which became effective on November 1, 2014, based on 1.5 kilograms of crack cocaine.

The February 19, 2003, Judgment entered in this case by the late Judge Charles H. Haden, II, reveals defendant was sentenced, <u>inter</u> <u>alia</u>, to an imprisonment term of life on Count Two and a consecutive sixty-month term on Count Three. He was acquitted at trial on Count One of the three-count superseding indictment. As charged in Counts Two and Three, the defendant was convicted of possession with intent to distribute more than 50 grams of cocaine base and a quantity of cocaine and of a § 924(c) violation for possession of a firearm in connection with a drug trafficking offense, respectively.

The guideline calculation on Count Two was based on the <u>highest</u> level available under the Drug Quantity Table at a Base Offense Level of 38, which was then applicable to 1.5 kilograms or more of cocaine base. In reaching that level the defendant was found by the sentencing judge, as will be seen, to be assessable with 5.10 kilograms of cocaine base. The defendant was also assessed with a four-level enhancement for his role in the offense and a two-level enhancement for obstruction of justice. The defendant was denied credit for acceptance of responsibility. The defendant's Total Offense Level would thus have been 44 except that in cases where, as here, the total offense level is greater than 43, the total offense level is to be treated as level 43 and,

2

when coupled with defendant's Criminal History category of III, the resulting guideline range was life.

In its order entered on November 2, 2009, the court found that, inasmuch as the offense involved 4.5 kilograms or more of cocaine base, that is, 5.10 kilograms of cocaine base, resulting in the same Base Offense Level of 38, the defendant was not entitled to the two-level reduction. As a result, the defendant was not entitled to relief under the retroactive amendments that modified the guidelines such that the quantity of cocaine base required to trigger the highest Base Offense Level of 38 increased to 4.5 kilograms or more of cocaine base.

On April 23, 2012, based on the guideline amendments effective November 1, 2011, pursuant to the Fair Sentencing Act of 2010, the court granted the defendant a two-level reduction.[1] The court did so based on a Base Offense Level of 36 which at that time was applicable for an offense involving at least 2.8

---

[1] Pursuant to the amendment, the marijuana equivalency attributed to the defendant was reduced to 18,846 kilograms of marijuana equivalency, falling in the range of at least 10,000 kilograms of marijuana but less than 30,000 kilograms of marijuana equivalency, resulting in a Base Offense Level of 36. With the addition of four levels for role in the offense and two levels for obstruction of justice, the defendant's Total Offense Level became that of 42. A Total Offense Level of 42, with a Criminal History category of III, yields a sentencing guideline range of 360 months to life.

kilograms but less than 8.4 kilograms of cocaine base.  After the addition of the relevant sentencing enhancements, the defendant's Total Offense Level was reduced to 42.  The court accordingly reduced the term of life imprisonment to 360 months, plus 60 months consecutive for the § 924(c) violation.

The defendant argues in his motion that he is eligible for a further reduction under the most recent amendment (782) to the drug guideline, contending that the sentencing judge had found him assessable with only 1.5 kilograms of crack cocaine which now falls within the range of at least 840 grams but less than 2.8 kilograms range and would result in a Base Offense Level of 32. The record in this case does not support the defendant's contention.

The Sealed Memorandum of Sentencing Hearing and Report of Statement of Reasons entered by the sentencing judge on February 19, 2003, states in pertinent part on pages 2 and 3 as follows:

> Regarding relevant conduct, the Court observed witnesses Gibson, Sneed and Barnes during their trial testimony and now credits their testimony completely on the matters raised in the objections. In this regard, <u>the Court adopts and incorporates herein the Government's January 31, 2003 submission</u>[1] identifying those portions of the record responsive to Defendant's objections. <u>That submission</u>, among other creditable relevant conduct amounts, <u>conservatively attributes at least 5.10 kilograms of cocaine base to the Defendant, based upon twenty trips to Charleston to sell approximately nine ounces of crack cocaine on each trip</u>. Based on this amount of relevant conduct and others identified in the Government's submission and the presentence report, the Court finds Defendant responsible for <u>more</u> than 1.5 kilograms of cocaine base. This puts the defendant at a base offense level of 38. (emphasis added)
>
> _____
> [1]The Court ORDERS the submission attached to this Sealed Memorandum of Sentencing Hearing and Report of Statement of Reasons and transmitted to the parties receiving this document, including the Court of Appeals.

A review of the sentencing transcript at pages 28 and 29 reveals as follows:

> THE COURT: All right. <u>I have read the government's analysis very carefully and I agree with it entirely</u>. The - there are a variety of ways that the Court can approach the matter of relevant conduct, but from the testimony of Pamela Gibson, which the Court credits, the defendant would be responsible for at least 156 grams of crack.
>
> From the testimony of Joseph Sneed, the defendant would be responsible for 907.2 grams of crack and 453.6 grams of powder cocaine.

5

> <u>**From the testimony of Mr. Barnes**</u>**, the large amount of – <u>the kilograms of crack cocaine</u> or of cocaine base <u>works out to</u> 510 or <u>5.10 kilograms of cocaine base on a conservative calculation</u>.**
>
> **The Court credits the testimony of all three of those individuals and the – assessing that testimony overall and by a preponderance of the evidence standard, the testimony is corroborated by the seizure of approximately 66.9 grams of crack, 7,779 dollars in cash, and the baggies and the scales and the plastic gloves and the loaded nine millimeter handgun at the time of the defendant's arrest on December 28, 2001.**
>
> **The Court, considering all that evidence, believes from a very conservative point of view the defendant is responsible for at least 1.5 kilograms or more of crack or its marijuana equivalent and when you add that to the actual drugs and cash seized on December 28, of 2001, that results in a base offense level of 38.**

**Tr. at 28-29 (emphasis added)**

Moreover, in affirming the undersigned judge's denial of relief as set forth in the November 2, 2009, order referred to above, the United States Court of Appeals for the Fourth Circuit stated as follows:

> The district court found Jones was not eligible for a reduction because he was found responsible for 4.5 kilograms of crack cocaine. We affirm.

<u>United States v. Jones</u>, 373 Fed. Appx. 341 (4th Cir. 2010).

6

The court notes that the range has been lowered under Amendment 782 for an offense involving 5.10 kilograms of cocaine base to that of 34 (at least 2.8 kilograms but less than 8.4 kilograms of cocaine base), but when coupled with a four-level increase for role in the offense, a two-level enhancement for obstruction of justice and the denial of credit for acceptance of responsibility, resulting in a level of 40 and Criminal History category of III, the defendant's guideline range remains the same as that applicable to him at the time the court granted a two-level reduction in its order of April 23, 2012, being 360 months to Life on Count Two, plus a consecutive sixty-month term on Count Three.

It is clear that the sentencing court did not limit its finding as to the amount of cocaine base attributable to the defendant to 1.5 kilograms.  Indeed, the presiding judge found as detailed above that the defendant was conservatively assessable with 5.10 kilograms of cocaine base, to which other amounts were added.  The court finds that the defendant is ineligible for a further reduction.  It is accordingly ORDERED that the defendant's motion be, and it hereby is, denied.

7

The Clerk is DIRECTED to send a copy of this written opinion and order to the defendant, the United States Attorney, the Federal Public Defender and the United States Probation Office.

ENTER: July 15, 2016

John T. Copenhaver, Jr.
United States District Judge